UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| | ) | CASE NO.  08-03675-BHL-11 |
| ATA AIRLINES, INC., | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| _____ | ) | |
| JLL CONSULTANTS, INC., | ) | |
| UNSECURED CREDITOR TRUSTEE | ) | Adversary Proceeding No. _____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| DUBLIN AIRPORT AUTHORITY PLC, | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT TO AVOID AND RECOVER
PREFERENTIAL PAYMENTS AND OBJECTION TO CLAIM**

Plaintiff, JLL Consultants, Inc., in its capacity as the Unsecured Creditor Trustee (the "Trustee") for the Unsecured Creditor Trust (the "Trust"), approved and established pursuant to the Order Confirming First Amended Chapter 11 Plan of the Debtor [Docket No. 1390; Case No. 08-03675] (the "Confirmation Order") entered by the Court on March 26, 2009 in the bankruptcy case (the "Bankruptcy Case") of ATA Airlines, Inc. (the "Debtor"), the First Amended Chapter 11 Plan of the Debtor [Docket No. 1239; Case No. 08-03675] (the "Plan"), and the Liquidating Trust Agreement for the ATA Unsecured Creditor Trust (the "Trust Agreement"), by counsel, pursuant to 11 U.S.C. §§105, 502, 547 and 550 and Rules 7001 and 7003 of the Federal Rules of Bankruptcy Procedure, for its Complaint to Avoid and Recover Preferential Payments and Objection to Claim (the "Complaint") against Defendant, Dublin Airport Authority PLC, states:

**Jurisdiction/ Venue/ Parties**

1.      This Court has jurisdiction over this proceeding (the "Adversary Proceeding") pursuant to 28 U.S.C. §§ 157 and 1134(b) and section 13.1 of the Plan.

2.      This Adversary Proceeding constitutes a core proceeding pursuant to 28 U.S.C. §§ 157(2)(B) & (F).

3.      Venue is proper in this district and division pursuant to 28 U.S.C. §1409.

4.      This Court has personal jurisdiction over the Defendant pursuant to Rule 7004(f) of the Federal Rules of Bankruptcy Procedure.

**Background**

5.      The Debtor filed its voluntary petition for relief under chapter 11 of 11 U.S.C. §101 et seq. (the "Bankruptcy Code") on April 2, 2008 (the "Petition Date").

6.      The Plan became effective on March 31, 2009.

7.      Pursuant to paragraph 16 of the Confirmation Order, all property of the Debtor comprising the Unsecured Creditor Trust Assets (as defined in the Plan), including any causes of action arising under 11 U.S.C. §547 against any person who is not an affiliate of the Debtor ("Avoidance Actions"), was conveyed and transferred to the Trust.

8.      Pursuant to section 5.2 of the Trust Agreement, the Trustee has control and authority over the Unsecured Creditor Trust Assets (as defined in the Plan) including Avoidance Actions.

9.      Pursuant to section 5.2(b) of the Trust Agreement, the Trustee has the power to prosecute, enforce, compromise, settle, release, or otherwise dispose of all Avoidance Actions.

10.      Pursuant to section 11.1 of the Plan, the Trustee, on behalf of the Trust, has the right to examine and object to Class 4 General Unsecured Claims (as defined in the Plan) and

2

any claim held by a creditor who is the subject of an Avoidance Action filed by the Trustee shall be automatically deemed the subject of an objection.

**Count I**
**Avoidance of Transfers Made to the Defendant Pursuant to 11 U.S.C. §547(b)**

11. Paragraphs 1 through 10 above are incorporated herein by reference.

12. According to the Debtor's records, on or within 90 days prior to the Petition Date (the "Preference Period"), the Debtor transferred to the Defendant the aggregate sum not less than $167,140.00 (each such transfer individually and all such transfers collectively, the "Preferential Transfers").

13. Funds for the Preferential Transfers came from the Debtor's accounts and constitute an interest of the Debtor in property.

14. The Preferential Transfers were made by the Debtor to or for the benefit of the Defendant.

15. The Defendant was a creditor of the Debtor at the time the Preferential Transfers were made.

16. The Preferential Transfers were made for or on account of antecedent debt owed by the Debtor before the Preferential Transfers were made.

17. The Debtor was insolvent at the time of the Preferential Transfers were made.

18. The Preferential Transfers enabled the Defendant to receive more than the Defendant would have received were the Debtor's case one under chapter 7 of the Bankruptcy Code, the Preferential Transfers had not been made, and the Defendant received payment of such debt to the extent provided for by the provisions of the Bankruptcy Code.

19. The Preferential Transfers diminished the value of the Debtor's estate by the amount of the Preferential Transfers.

20.     The Trustee may avoid the Preferential Transfers, pursuant to section 547(b) of the Bankruptcy Code.

WHEREFORE, the Trustee is accordingly entitled to judgment against the Defendant avoiding the Preferential Transfers.

## Count II
## Liability of Defendant Pursuant to 11 U.S.C. § 550

21.     Paragraphs 1 through 20, above, are incorporated herein by reference.

22.     Pursuant to section 550(a) of the Bankruptcy Code and the Plan, the Trustee, through and for the benefit of the Trust, is entitled to recover the value of any transfers avoided under section 547 of the Bankruptcy Code.

23.     The Defendant is the initial transferee of the Preferential Transfers or an immediate or mediate transferee of the immediate transferee of the Preferential Transfers as those terms are used in section 550(a) of the Bankruptcy Code.

24.     To the extent that any of the Preferential Transfers are avoided by the Trustee, the Trustee may recover the value of any such Preferential Transfers from the Defendant.

25.     All of the Preferential Transfers are avoidable under section 547 of the Bankruptcy Code, thus the Trustee is entitled to recover not less than $167,140.00 from the Defendant pursuant to section 550(a) of the Bankruptcy Code.

WHEREFORE, the Unsecured Creditor Trustee is accordingly entitled to judgment against the Defendant awarding the value of the Preferential Transfers to the Trust for not less than $167,140.00.

## Count III
## Objection to Defendant's Claim Pursuant to 11 U.S.C. §502(d)

26.     Paragraphs 1 through 25, above, are incorporated herein by reference.

4

27. Pursuant to section 502(d) of the Bankruptcy Code, the Court shall disallow any claim of any transferee of a transfer avoidable under section 547 of the Bankruptcy Code unless such transferee has paid the amount for which the transferee is liable under section 550 of the Bankruptcy Code.

28. Defendant has or may claim to have a claim or claims in the Bankruptcy Case.

29. The Defendant is the transferee, as that term is used in section 502(d) of the Bankruptcy Code, of the Preferential Transfers.

30. All of the Preferential Transfers are avoidable under section 547 of the Bankruptcy Code.

31. The Defendant is liable to the Trust for not less than $167,140.00 pursuant to sections 547(b) and 550(a) of the Bankruptcy Code.

32. The Defendant has not paid the Trustee the amount for which the Defendant is liable under sections 547(b) and 550(a) of the Bankruptcy Code.

33. The Trustee objects to any and all claims of the Defendant pursuant to section 502(d) of the Bankruptcy Code.

WHEREFORE, the Trustee is entitled to judgment against the Defendant disallowing all claims of the Defendant as provided by section 502(d) of the Bankruptcy.

## Count IV
## Interest and Costs

34. Paragraphs 1 through 33, above, are incorporated herein by reference.

35. The Defendant received the Preferential Transfers from the Debtor which would have otherwise been part of the Debtor's estate.

36.    On or about September 3, 2009 (the "Demand Date"), the Trustee, made written demand on the Defendant for the return of the Preferential Transfers.  A copy of the demand letter is incorporated herein by reference and attached hereto as Exhibit A.

37.    The Defendant did not return the Preferential Transfers to the Trustee.

38.    Trustee seeks an award of court costs and pre and post-judgment interest to the furthest extent permitted.

WHEREFORE, the Trustee is entitled to judgment against the Defendant in the amount of the Preferential Transfers, together with interest at the average of the Federal Reserve Board prime rate from the Demand Date until entry of judgment herein, and thereafter at the rate provided under 28 U.S.C. §1961(a) from the date of entry of judgment until paid, plus costs of this action.

## Count V
### Reservation of Rights

39.    The Trustee continues to perform an investigation into matters related to the Debtor's case.  To the extent that such investigation results in the finding of other claims against the Defendant or that there are other grounds for objection to any claims of the Defendant, the Trustee reserves his rights to bring other claims or objections.

### Relief Requested

WHEREFORE, the Trustee respectfully requests the Court's entry of a judgment in favor of the Trustee, and against the Defendant, as follows:

A.    Determining that the Preferential Transfers are avoidable and that the Unsecured Creditor Trustee may recover not less than $167,140.00 from the Defendant pursuant to sections 547 and 550 of the Bankruptcy Code;

B.      Preserving the Preferential Transfers for the benefit of the Debtor's chapter 11 bankruptcy estate;

C.      Awarding pre-judgment interest, costs of this action, together with interest on the judgment at the federal judgment rate;

D.      Disallowing all claims of the Defendant in accordance with section 502(d) of the Bankruptcy Code; and

E.      Granting the Trustee all other relief just and proper in the premises.

Respectfully Submitted,

HOSTETLER & KOWALIK, P.C.
*Counsel for JLL Consultants, Inc.,*
*Unsecured Creditor Trustee*


By_____*/s/ Mark A. Drummond*_____
        Jeffrey A. Hokanson
        Jeremy M. Dunn
        Mark A. Drummond
        HOSTETLER & KOWALIK, P.C.
        101 West Ohio Street, Suite 2100
        Indianapolis, IN 46204
        Tel: (317) 262-1001
        Fax: (317) 262-1010
        Email: jeff.hokanson@hostetler-kowalik.com
        Email: jmd@hostetler-kowalik.com
        Email: mad@hostetler-kowalik.com

# ATA UNSECURED CREDITORS TRUST

William Kaye, Managing Director
JLL Consultants, Inc., Trustee

Mailing Address: **ATA Unsecured Creditor Trust**
**c/o JLL Consultants, Inc.**
**Preference Program**
**31 Rose Lane**
**East Rockaway, NY 11518**

Telephone: **410.454.6877**
Facsimile: **410.454.6801**
E-mail: **ataairlines.preferences@yahoo.com**

## BANKRUPTCY PREFERENCE DEMAND – IMMEDIATE ATTENTION REQUIRED

September 3, 2009

> **Re:**   *In re ATA Airlines, Inc.*
> ***Chapter 11, Bankruptcy Case No. 08-03675-BHL-11***
>
> Payments Received in Preference Period:   **$167,140.00 U.S. Dollars**
> Settlement Offer (80% of Payments):   **$133,712.00 U.S. Dollars**

Dear Sir or Madam:

On April 2, 2008 (the "*Petition Date*"), ATA Airlines, Inc. (the "*Debtor*") commenced a case under Chapter 11 of the United States Bankruptcy Code (the "*Chapter 11 Case*") in the United States Bankruptcy Court for the Southern District of Indiana, Indianapolis Division (the "*Bankruptcy Court*"). On March 26, 2009, the Bankruptcy Court entered its Order Confirming First Amended Chapter 11 Plan of the Debtor (the "*Plan*") with an Effective Date of March 31, 2009.

Section 547 and 550 of the Bankruptcy Code empowers a debtor or a trustee to recover payments made to creditors during the 90-day period prior to a debtor's bankruptcy filing, as such payments are deemed to be "preferential payments." The purpose of this "preference" section is to facilitate the bankruptcy policy of equality of distribution among creditors of a debtor. Pursuant to the Plan, ATA Unsecured Creditor Trust (the "*Trust*") was vested with authority to recover preference payments from creditors.

The Trust has reviewed the potential preference claims involving your company. According to the Debtors' records, **Dublin  Airport Authority PLC** received equivalent to approximately U.S. **Dollars $167,140.00** during the 90-day preference period. A summary of all relevant payments received by Dublin  Airport Authority PLC is enclosed.

In an effort to quickly and amicably resolve the claim against your company without the need for litigation, the Trust offers to accept payment from Dublin  Airport Authority PLC in the amount of **U.S. Dollars $133,712.00** (the "*Settlement Amount*"), representing 80% of the **U.S. Dollar** amount your company received, which payment will result in the satisfaction of all preference claims against your company. Please note that upon payment of this Settlement Amount, your company will not be granted a claim in this Bankruptcy Case for this amount paid, nor will any other claims your company has be affected.

To accept this settlement offer, the Trust must receive your company's payment of the Settlement Amount (in immediately available **U.S. Dollars**) by wire transfer to ATA Unsecured Creditor Trust's Signature Bank account #1501064528, ABA #026013576. Please also forward, by facsimile or airmail, the executed copy of the enclosed "Settlement Offer and Agreement Form" at the address below. Both the payment and executed copy of the Settlement Offer and Agreement must be received no later than the close of business on September 30, 2009.

ATA Unsecured Creditor Trust
c/o JLL Consultants, Inc. Preference Program
31 Rose Lane          **EXHIBIT A**
East Rockaway, NY 11518

**ATA Unsecured Creditor Trust Preference Program**                    September 3, 2009

Page 2

If the Trust's settlement offer is not timely and properly accepted, this settlement offer will be automatically withdrawn, and the Trust will be forced to initiate legal action in the Bankruptcy Court to recover, among other things, the full value of the preference claim against your company, plus interest at the highest applicable rate allowed under the Bankruptcy Code, plus any other amounts available under the law.  In addition, if your company filed a claim in the Chapter 11 Cases, your company's claim may not be eligible to receive any distribution made to unsecured creditors under the Plan unless the preference claim against your company is resolved.  Therefore, please recognize this settlement proposal as your company's opportunity to get this matter resolved at a discount and without having to incur your own legal costs.

This confidential letter is provided for settlement purposes only and, as such, any statements contained herein are inadmissible pursuant to Federal Rule of Evidence 408.  Nothing contained herein should be construed as an admission of fact or law by the Trust or the Debtor.  To the extent that we determine that additional preferential payments not yet considered or discovered were received by you during the ninety (90) day preference period, the Trust expressly reserves all rights with regard thereto at this time.

If you have any questions regarding this demand, you may contact us by phone at 410.454.6877 or by email to ataairlines.preferences@yahoo.com.  Additionally, if you have an attorney, you may direct this letter to him or her and provide the undersigned with his or her contact information.

We hope that once you have reviewed these materials, you will take advantage of this opportunity to resolve this matter for a discounted amount without the need and expense of further collection efforts or litigation.  We invite your questions and responses, and thank you in advance for your cooperation.

Very truly yours,
**ATA Unsecured Creditor Trust**

William Kaye, Managing Director
JLL Consultants, Inc., Trustee

Enclosures

EXHIBIT A

IN RE ATA AIRLINES, INC.

## Chapter 11, Bankruptcy Case No. 08-03675-BHL-11
### United States Bankruptcy Court, Southern District of Indiana, Indianapolis Division

## SETTLEMENT OFFER AND ACCEPTANCE FORM

**Dublin Airport Authority PLC** ("*Vendor*") has read the letter and enclosures sent on behalf of the ATA Unsecured Creditor Trust with this Settlement Offer and Acceptance Form (the "*Demand Letter*"), which reflect that Vendor received payment(s) equivalent to **U.S. Dollars $167,140.00** (the "*Payment Amount*") during the 90-day preference period from the debtor in the above-captioned chapter 11 case (the "*Debtor*").

### Settlement Offer

The ATA Unsecured Creditor Trust herein offers to settle its preference claims against Vendor for **U.S. Dollars $133,712.00** (the "*Settlement Payment*"), which is an amount equal to 80% of the Payment Amount.  This Settlement Offer requires that payment of the Settlement Amount be received by the Trust referenced below no later than September 30, 2009.

### Acceptance of Settlement Offer

Having considered the Settlement Offer and its rights and liabilities, Vendor hereby accepts the ATA Unsecured Creditor Trust's offer to settle its preference claims on the terms set forth above and has made arrangements to wire transfer the Settlement Payment, as instructed, to ATA Unsecured Creditor Trust's account with Signature Bank.  Vendor hereby waives any and all rights to assert a claim against the Debtor for the amount of the Settlement Offer.  Any existing claim Vendor may have shall be unaffected by this settlement.

### Mutual Release

In consideration for the receipt of the Settlement Payment in immediately available U.S. Dollars, the Debtor and Vendor hereby release and discharge each other of and from any and all claims and causes of action against each other related to, or arising from, any payments received by Vendor during the 90-day preference period, including the payments referenced in the Demand Letter, the collection of any such payments to Vendor, or the payment by Vendor of the Settlement Payment.

Executed on this _____ day of _____, 2009.

**Dublin Airport Authority PLC**


By: _____     Its: _____

Telephone No.: _____


Please forward by Facsimile or Airmail To:

**ATA Unsecured Creditor Trust**
**c/o JLL Consultants, Inc.**
**31 Rose Lane**
**East Rockaway, NY 11518**


EXHIBIT A

## ATA Airlines, Inc.
## Payment Listing for DUBLIN  AIRPORT AUTHORITY PLC

| Check Number/Wire | Clear Date | U.S. Dollar Payment Amount |
|---|---|---|
| Wire | 1/30/2008 | $40,233.00 |
| Wire | 2/4/2008 | $23,369.00 |
| Wire | 2/29/2008 | $39,348.00 |
| Wire | 3/20/2008 | $64,190.00 |
| 4 Payment(s) Paid to DUBLIN  AIRPORT AUTHORITY PLC | | $167,140.00 |

EXHIBIT A